Filed Dec. 17, 1886.

12,372.

## THE LAKE ERIE AND WESTERN RAILWAY COMPANY v. ACRES.

COMMON CARRIER.—*Refusal to Carry Passengers.*—*Action in Tort.*—The wrongful refusal or failure of a common carrier to carry passengers is a tort for which an action will lie.

NEW TRIAL.—*Excessive Damages.*—*Torts.*—The fourth statutory cause for a new trial, namely, "that the damages are excessive," is proper only in cases of torts.

SAME.—When the action is in tort the verdict of the jury will not be disturbed on the ground of excessive damages, unless they are so outrageous as to strike every one with their enormity and injustice, and as to induce the belief that the jury must have acted from prejudice, partiality or corruption.

PRACTICE.—*Theory of Case.*—*Supreme Court.*—The theory upon which a case proceeds in the trial court will prevail in the Supreme Court.

From the Tippecanoe Superior Court.

*H. W. Chase* and *F. S. Chase,* for appellant.

*J. R. Coffroth* and *T. A. Stuart,* for appellee.

ELLIOTT, C. J.—This action was instituted by the appellee against the appellant to recover damages for refusing and neglecting to carry him and his family to a station on the line of appellant's railroad, for which he had purchased tickets.

The evidence, so far as it is material to the question presented, is substantially this: When the conductor of the train took the tickets from the appellee, he directed the appellee and his family to leave the car in which they were seated and

enter a car in front, as that car would be left at Boswell, one of the company's stations; that they attempted to obey this order by passing through the train, but were required to get off the train ; they left the car in which they were seated, attempted to get on to the front car as directed at the small station of Boswell, where the train halted ; the car in which the appellee and his family were seated was not left at Boswell, but was taken on with the train. The appellee put his hand on the conductor's shoulder, as the train was about to start, and said to him, " Hold on, we are not on yet," but the conductor paid no attention to him, and gave the signal for the train to move on. After the train left the appellee and his family at Boswell, they started to go into the depot, but. the agent would not permit them to remain there, and he then took his family to the hotel, and walked four miles, to Talbot, the station for which he had taken passage, and got his wagon and team, which he had left there to await his return from Lafayette, where he entered the train. He drove back to Boswell, got his family, and drove to his home, reaching it between two and three o'clock in the morning. The appellee caught a severe cold from exposure, as did his wife, she being incapacitated from doing any work for two weeks.

The jury awarded the appellee seven hundred dollars damages, and the appellant moved for a new trial, assigning as a cause that " the damages are excessive." . The only point, as counsel for the appellant say, " that is available for the appellant, is that the damages are excessive."

It is insisted by the appellee's counsel that the action is not for a breach of contract, but that it is an action to recover damages for a tortious breach of duty, and that it is so recognized and treated in the motion for a new trial. The position of appellee is substantially this : If the action is for a breach of contract, then there is no cause assigned in the motion for a new trial presenting the question of error in the amount of recovery, for, in such cases, the cause for a new trial should be stated as " error in the assessment of the

amount of recovery," and that, as the cause assigned is that the " damages are excessive," the appellant must be deemed to have acted upon the theory that the action is to recover damages for a tort. The decided cases support the contention of counsel, that the fourth of the statutory causes for a new trial, namely, " that the damages are excessive," is proper only in cases of torts. *Dix* v. *Akers*, 30 Ind. 431; *Frank* v. *Kessler*, 30 Ind. 8; Buskirk Pr. 234. It follows, therefore, that the appellant tried the case below upon the theory that it was one of tort, and so treats it here, for the theory adopted there governs here. *Carver* v. *Carver*, 97 Ind. 497. Either this result follows, or else the appellant has no cause in his motion presenting the question counsel say is the only available one.

It is the general rule, and one that has long prevailed in this State, that the wrongful refusal or failure of a common carrier to carry passengers is a tort for which an action will lie. *Cincinnati, etc., R. R. Co.* v. *Eaton*, 94 Ind. 474 (48 Am. R. 179); *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381 (45 Am. R. 464); *Toledo, etc., R. W. Co.* v. *McDonough*, 53 Ind. 289; *Jeffersonville R. R. Co.* v. *Rogers*, 28 Ind. 1; *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116 (10 Am. R. 103).

It may, perhaps, be true that it is not every case in which the refusal of a carrier to carry passengers who have rightfully entered its train to their destination can be deemed a tort, but we need not now attempt to distinguish between the cases—if, indeed, there is any ground for distinction—where the action will be deemed one for a breach of contract and one for the recovery of damages for a tort, for the appellant has treated the action as one in tort, and we must so decide it, and especially as there are facts which at least tend to constitute the wrong of the appellant a tort.

As the action is to be deemed one in tort, we can not, under a firmly established rule, interfere with the verdict of the jury unless the amount is so " outrageous as to strike every

one with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption." *Indiana Car Co.* v. *Parker,* 100 Ind. 181, see p. 196, and cases cited. *Wolf* v. *Trinkle,* 103 Ind. 355; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409; *Louisville, etc., R. W. Co.* v. *Pedigo, ante,* p. 481.

