Crabb v. Orth.

No. 15,098.

## CRABB v. ORTH.

APPEAL.—*When Question will not be Considered.*—Questions not properly presented to the trial court will not be considered on appeal.

SAME.—*Theory on Trial and Appeal the Same.*—The theory adopted in the trial court must be adhered to on appeal.

NOTICE.—*Waiver of.*—*General Appearance.*—Where one makes a general appearance in a case he is precluded from attacking the service of notice.

ELECTIONS.—*Contest of.*—*Evidence.*—*Oral Testimony for whom Votes were Cast.*—*Minority of Voter.*—Where the face of the returns of election officers shows that the appellant has received one vote more than the appellee, and to rebut the *prima facie* case thus made, the court permitted witnesses to testify that they cast their votes for the appellant, and that at the time of voting they were under the age of twenty-one years, such testimony was the best evidence of which the case was susceptible, and was competent.

DEPOSITIONS—*Notice to Take.*—*When Adverse Party May Take without Further Notice.*—Where a court appoints a commissioner to take depositions, and, in the appointing order, directs that the party desiring to take depositions shall give certain notice, and, under such order, notice to take a deposition is given and the witness appears at the appointed time and place, and the party giving the notice is present and refuses to take the deposition, the adverse party may proceed to take the deposition without further notice.

From the Vigo Circuit Court.

*G. W. Faris* and *I. N. Pierce,* for appellant.

*J. E. Lamb, C. McNutt, J. G. McNutt* and *J. T. Scott,* for appellee.

ELLIOTT, J.—The appellant was declared elected to the office of township trustee, at the election held in April, 1888, by a majority of one vote, and was inducted into office. On the 11th day of the same month the appellee began a proceeding, under the statute, to contest the election of the appellant, claiming that he, the appellee, had been duly elected. The appellant entered a special appearance in the Commissioners' Court, and moved to quash the notice and the service. This motion was sustained,

and the case was carried, by appeal, to the Circuit Court. In that court the appellee was successful. The record, however, shows that before the special appearance was entered in the Commissioners' Court the appellant had appeared generally. The recital in the record is this: "Come, now, the parties, by their attorneys, and, by agreement, and for reasons satisfactory to this board shown, it is now ordered that the hearing of this case be, until the 7th day of May, 1888, continued."

There was no objection to the record of the board of commissioners in the court below, and we can not consider questions not properly presented to the court of original jurisdiction. See authorities cited, Elliott Appellate Procedure, section 470.

The appellant acted upon the theory that there was an insufficient notice, and did not in any appropriate mode challenge the proceedings of the board of commissioners, and to that theory he must be held. It would be unjust to the adverse party, and to the court, to permit a party to assume a definite theory in the trial court and shift from it to another in the appellate tribunal. The authorities maintain, with much strictness, the doctrine that the theory adopted in the trial court must be adhered to on appeal. See authorities cited, Elliott Appellate Procedure, sections 489–490.

The record recital we have copied, which imports absolute verity, shows that before the motion to quash was made the appellant had appeared generally and agreed to a postponement of the case. This general appearance precludes him from successfully assailing the service of notice. See authorities cited, Elliott Appellate Procedure, section 677. The case of *Shirley* v. *Hager*, 3 Blackf. 225, is not opposed to our conclusion, for in that case the party expressly reserved the right to plead in abatement, whereas, in this case, there was an unqualified appearance. It may be proper to add that it is doubtful whether *Shirley*

v. *Hagar* can be reconciled with later decisions. We can find nothing in *Norton* v. *The State*, 106 Ind. 163, relevant to the points here in dispute.

On the face of the returns made by the election officers it appeared that the appellant had received one hundred and fifty-eight votes and the appellee one hundred and fifty-seven votes, and to rebut the *prima facie* case thus made, the court permitted three witnesses to testify that they cast their votes for the appellant, and, also, permitted them to testify that they were, at the time of voting, under twenty one years of age. This testimony was competent. It is true that in many instances the ballots constitute the best evidence, and must be produced; but the rule that the ballots constitute the best evidence has no application to such a case as the present. The ballots would not have proved for whom the witnesses voted, nor would they have proved the age of the witnesses. *Pedigo* v. *Grimes*, 113 Ind. 148. It is very clear that oral testimony was the only testimony that could have weight or value; it is, indeed, obvious that it is the best evidence of which the nature of the case admits. If the controversy had been as to the number of votes cast, the ballots would have been the primary evidence, but there was no controversy of that kind.

The court appointed a commissioner to take depositions, and, in the order appointing the commissioner, directed that the party desiring to take depositions should give his adversary three days' notice. The testimony of Charles Monroe was taken by the commissioner, and it appears that the appellant was present at the examination of the witness. Appellant's counsel claim that the testimony of the witness named was improperly taken, because no notice was given, but this claim is rendered unavailable by the fact that the appellant gave notice that he would take the deposition of the witness, but when the witness appeared, pursuant to the notice, appellant declined to

take his deposition, whereupon it was taken at the appointed time and place, all parties being present, by the appellee. Where one party gives notice that he will take the deposition of a witness, under an order such as that made in this instance, and is present at the designated time and place, the deposition of the witness named may be taken without further notice by the adverse party.

