ALLEN *v*. STATE OF INDIANA.

CORDES *v*. STATE OF INDIANA.

[No. 27,940.   Filed April 19, 1944.]

*Robert A. Buhler*, of Fort Wayne, for appellants.

*James A. Emmert*, Attorney General, *Frank Hamilton*, First Assistant Attorney General, and *Frank E. Coughlin*, Deputy Attorney General, for the State.

FANSLER, C. J.—Appellants were separately charged with a felony.   Both entered pleas of guilty and were

sentenced to serve from two to fourteen years in prison. Immediately afterward they filed separate petitions to vacate the judgments and for leave to withdraw their pleas of guilty and enter pleas of not guilty. Evidence was heard, at the conclusion of which the trial court denied the petitions. The facts and the pleadings in both cases are substantially identical. The causes were consolidated for the purposes of appeal.

Error is assigned upon the action of the court in denying the petitions to vacate the judgments and permit the withdrawal of the pleas of guilty.

The substantial allegations of the respective petitions were not sustained by any evidence. It appears from the testimony of the appellants themselves that, upon being arrested, they freely and without coercion or undue influence made statements of facts amounting to an admission of guilt as charged; that synopses of these statements were reduced to writing and signed; that, when brought into court, the statute was read to them and the character of the charge explained; that the trial court inquired whether they had means to employ counsel; that both stated they had or could procure funds to employ counsel, but that they did not want an attorney; that they desired to plead guilty and throw themselves upon the mercy of the court; that thereupon the court heard evidence of witnesses and the statements of the defendants, who, in open court, admitted the signing of confessions and that the facts contained therein were true. The court took the matter of sentence and punishment under advisement for some hours, and then sentenced the defendants to imprisonment from two to fourteen years. The statute permitted a fine without imprisonment.

It appears from the evidence at the hearing upon the motions, and from the testimony of the appellants themselves, that from the time of their arrest until they were sentenced they were treated with consideration and sympathy by the police officers having them in charge; that after their arrest, and while being interrogated, both appellants were very much concerned about the possibility of newspaper publicity; that they were advised by the officers concerning the punishment prescribed by the statute, and that the punishment was in the discretion of the court; that it might involve a prison sentence, or merely a fine, or that sentence might be suspended. It may be reasonably concluded that their pleas of guilty were influenced by the hope that they would avoid publicity and perhaps receive a lighter punishment than if they submitted to a trial; and the hope and expectation that their punishment might be light seems to have arisen out of the fact that their treatment by the police officers was kind and considerate.

If it can be said that there is conflict in the evidence, it must also be said that there is substantial evidence indicating that the appellants were fully advised of their rights, that their pleas of guilty were freely and understandingly entered, that at the time they entered their pleas of guilty they freely and willingly admitted their guilt, and that the filing of the motions to vacate the judgments and set aside the pleas was prompted only by their disappointment in the expectation that their punishment would be light.

In *Mahoney* v. *State* (1926), 197 Ind. 335, 344, 149 N. E. 444, 447, the court discussed at length the condi-

434

tions under which a trial court should in its discretion permit the withdrawal of a plea of guilty, and concluded: "A defendant should not be permitted to trifle with the court, by deliberately entering a plea of guilty with a secret reservation of the hope of a lenient judgment, and immediately thereafter, upon a rendition of a judgment different than that hoped for, capriciously withdraw such plea of guilty. From which it follows that a judgment upon such plea of guilty should not be set aside merely because the accused is disappointed in the judgment rendered, it being more drastic in a certain particular than that which the accused had hoped would follow her plea of guilty."

The facts in the cases at bar fall far short of what is necessary, as indicated by the case quoted from.

Judgments affirmed.

NOTE.—Reported in 54 N. E. (2d) 104.