STATE OF INDIANA *v.* STABB, ET AL.

[No. 28,360. Filed May 21, 1948. Rehearing Denied June 21, 1948.]

*Cleon H. Foust,* Attorney General, and *Connor D. Ross,* Deputy Attorney General, for appellant.

*Ralph B. Gregg* and *Donald M. Ream,* both of Indianapolis, for appellees.

STARR, J.—The appellant, on behalf of the State Highway Commission, filed this cause against the appellees for the appropriation of a parcel of real estate for the construction of the highway known as the Circum-

Urban Highway, which extends from U. S. Highway 52 to Shadeland Avenue, Marion County, Indiana. This improvement involved the widening of existing highways.

The appellant has joined Bankers Trust Company as an appellee herein. The record discloses that this cause was dismissed as to said Company in the trial court; this appeal is therefore, dismissed as to it.

The remaining appellees, Albert J. Stabb and Lula P. Hooper Stabb, at all times mentioned herein, were husband and wife. The involved real estate was used by them as their residence and upon which they also operated a retail store and gasoline station.

Appraisers, under the order of appropriation, were appointed who filed their report fixing damages in the sum of $12,500. Appellees filed their exceptions to this appraisement and were awarded a jury trial which resulted in a verdict in favor of the appellees in the sum of $18,000 upon which judgment was rendered. It is from this judgment this appeal was taken.

Each of the rulings on the giving or refusal of certain instructions and the admission of certain evidence, as hereinafter set out, was specified as a reason for asking for a new trial.

It was not error, as claimed by the appellant, to permit the appellee, Lula P. Hooper Stabb, to testify as to how many gallons of gasoline a year had been sold on the involved premises and as to the annual volume of business done at the store located thereon. This evidence was properly admitted to prove that the property appropriated was suitable for business purposes; it was also competent for its bearing on damages due to loss of business.

Appellant next urges that it was improper to permit the witness, Frank E. Gates, to answer a question

as to a certain provision in an ordinance relating to a building line. No error could possibly have been committed by this ruling as the witness answered that he did not know.

Appellant has presented no question as to the admission in evidence of a certain bank check as part of the cross examination of appellant's witness, George T. Wheldon, as appellant's objection thereto was not sufficiently specific; furthermore, if it was error to admit this check, the same was harmless.

It was not error for the Court to refuse the appellant's tendered instructions No. 7, 8, 9, 10 and 11. Each of these instructions requested the Court to instruct the jury that the benefits conferred by the improvement, if any, to the residue of the lands of the owner, could be considered as determining the question of compensatory damages, all as provided by § 3-1706, Burns' 1946 Replacement. The refusal to give each of these instructions was proper as there was a total lack of evidence as to what, if any, benefits from the improvements were conferred upon any lands herein involved which were not condemned.

The appellant complains of the Court's refusal to give its tendered instruction No. 13. This offered instruction was to the effect that the appellees were not entitled to recover for any loss of business or profits; and that if any evidence had been introduced tending to prove such loss of business or profits, the jury should disregard the same in rendering its verdict.

As heretofore pointed out, the appellees introduced evidence as to how many gallons of gasoline a year had been sold on the involved premises and the annual volume of business done at the store located thereon. Appellees also produced evidence that by reason of the

loss of their business they had suffered damages in the sum of not less than $3,000.

Section 3-1706, *supra,* sets out the measure of damages in an action of this kind. The first three clauses of this section provide the measure of damages to be followed shall be the fair market value of the land appropriated, the fair market value of the improvements on the land taken, and, lastly, the damages, if any, to the residue of the land caused by the taking out of the part sought to be appropriated.

The fourth clause of said section so defining the measure of damages is in words as follows:

"Fourth. Such other damages, if any, as will result to any persons or corporations from the construction of the improvements in the manner proposed by the plaintiff."

It is generally held that no damages should be allowed in a case of this kind for the loss of business, good will or profits from the business where only the land and not the business is being taken unless the statute under which the proceedings is had provides for such an element of damage. See 18 Am. Jur., *Eminent Domain* §§ 259, 261; 29 C. J. S. *Eminent Domain* § 162; *Mitchell* v. *United States* (1924), 267 U. S. 341, 69 L. ed. 644, 45 S. Ct. 293; 2 Lewis, *Eminent Domain* (3rd ed.) § 727; 41 A. L. R. 1026 Note.

In order to determine, therefore, whether it was error to refuse this tendered instruction it is necessary to interpret the meaning of the fourth clause above set out. Appellant argues the clause is not applicable to the appellees. With this contention we cannot agree. When our legislature used the words "*any* person or corporation" (our italics) they were using the broadest language possible and intended to

include all persons suffering consequential damages. Nor can we agree with the appellant's further contention that this clause limits compensation to the value of the property taken and the improvements thereon, and the damages to the residue. Clauses one, two and three of this section cover all the damages sustained by the property taken and the residue; therefore, clause four must refer to damages other than damages to the property involved. It includes any direct consequential damages suffered by any person due to the construction of the improvement.

Our interpretation of clause four that damage and compensation are not limited to the fair market value of the property taken, and the improvements thereon, and the damages to the residue, is further borne out by the last provisions of said § 3-1706, *supra,* which provides:

> "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of the notice provided in section three (§ 3-1703), and its actual value, at that date, shall be the measure of compensation for all property to be actually taken and the basis of damages to property not actually taken but injuriously affected, *except as to the damages stated in the fourth clause hereof."* (Our italics)

In examining the statutes of our sister states which provide for items of damage other than damage for the real estate taken and to the residue thereof, we find that some are special statutes expressly providing for compensation for injury to business, and others, like ours, for damages for any and all detriment which may be directly occasioned by the taking; and that in most jurisdictions these particular provisions have been liberally interpreted. See *Mitchell* v. *United States,*

*supra,* and *City of Oakland* v. *Pacific Coast Lumber & Mill Co.* (1915), 171 Cal. 392, 153 P. 705, for a discussion of these statutes.

In so interpreting this fourth clause we are aware of the fact that this Court has decided that evidence of profits derived from a business conducted by the owner on the land sought to be appropriated cannot be considered in ascertaining its value, and that this decision was made at a time when our statutes, in providing for the measure of damages in a suit of this kind, contained exactly the same provision as is provided in said fourth clause of said § 3-1706. *Illinois Central R. Co.* v. *Howard* (1925), 196 Ind. 323, 147 N. E. 142. This clause was not considered or mentioned in that opinion, and insofar as that opinion may indicate that evidence of compensatory damages for any and all detriment which may be directly occasioned by the taking is not competent for any purpose, the same is disapproved. This tendered instruction was properly refused.

Appellant has failed to present any question as to the refusal of the Court to give its tendered instruction No. 15. This instruction purports to deal with a certain ordinance and its effect on this case. Appellant has not seen fit to set out in its brief sufficient portions of this ordinance or the substance of same as would be necessary for a correct determination of the correctness of this tendered instruction. This was the duty of the appellant. This Court cannot be expected to search the record to ascertain what this ordinance covers and what, if any, bearing it has on this case.

Appellant's tendered instruction No. 16 was to the effect that in an action involving damages to property

it is the duty of the party claiming damages to mitigate or lessen damages by reasonable action rather than to increase the same; and that if the appellees, with knowledge of appellant's intent to acquire the property in question for the construction of a highway, did or performed acts that would tend to increase the amount of the damages, then any damages flowing from such acts could not be recovered. Appellant insists this instruction should have been given for the reason that the evidence discloses that the retail store was closed from 1942 until the spring of 1946, and that it was reopened only after appellees had been approached by the appellant with reference to the procuring of the property on which the store was located for the construction of the highway. All this evidence discloses is that appellees had knowledge of the fact that a public improvement was proposed which would result in the taking of their land. Such knowledge did not deprive the appellees of the right in good faith to make the best use of their property. 18 Am. Jur., *Eminent Domain* § 256. There is not the slightest evidence of bad faith on the part of the appellees in so reopening their store. This proposed instruction had no application to the facts in this case and was properly refused.

Appellent questions appellees' tendered instruction No. 2 which was given by the Court. This instruction related to the measure of damages, and reads as follows:

"You are further instructed that under the law of the State of Indiana the damages suffered by the defendants is to be determined—

"1. By ascertaining the fair market value of each parcel of property appropriated by the State and the value of the estate of the interest of the defendants or either of them therein.

"2. The fair market value of all improvements pertaining to the real estate so appropriated on the portion of the real estate so condemned by the State.

"3. The damages, if any, to the residue of the land of the owner caused by taking out the part condemned.

"4. Such other damages, if any, as have resulted to the defendants or either of them from the condemnation and appropriation of such real estate and the construction of the improvements in the manner proposed by the State in this case."

Appellant's objection to this instruction is as to clause four thereof, for the reason that clauses one, two and three set forth all the elements of damages to which the defendants would be entitled. For the reasons heretofore stated in approving the trial court's refusal of appellant's tendered instruction No. 13, the objection to this instruction was not well taken. If said instruction was defective for any other reason or reasons, the same was not set out in appellant's objection thereto.

Appellant objects to appellees' tendered instruction No. 7 on the subject of interest. This instruction was given and informed the jury that it must allow interest on any damages awarded from the date the State took possession of the condemned property. This instruction was a correct statement of the law. *Schnull* v. *Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 131 N. E. 51; *State ex rel. McNutt* v. *Orcutt* (1936), 211 Ind. 523, 199 N. E. 595, 7 N. E. 2d 779; *State* v. *Coridan* (1944), 222 Ind. 545, 54 N. E. 2d 649; *State* v. *Ahaus* (1945), 223 Ind. 629, 63 N. E. 2d 199.

Appellant insists, however, that since the above cases were decided, our legislature has adopted an act

which clearly determines that interest cannot be collected in this case. Acts 1947, ch. 105, p. 300.

Article 1, § 21 of our State Constitution prevents the taking of private property for public use without just compensation. One of the elements of just compensation is the allowance of interest. This being an essential element it cannot be excluded even by legislative enactment. *Schnull* v. *Indianapolis, etc., R. Co., supra.* We hold, therefore, that the act of our legislature, last above cited, does not exclude interest on damages in eminent domain proceedings. To hold that this statute does include a matter such as here involved, it would be necessary to declare said act unconstitutional.

The next ground for a new trial is that there was error in the assessment of the recovery in that the amount of recovery was too large for the reason that it is based on improper items of damages. This contention is without merit as we have heretofore determined in this opinion.

Lastly, it is contended that the verdict is not sustained by sufficient evidence and is contrary to law. Whether this verdict is sustained by the evidence was not briefed by the appellant. No error of law occurring at the trial of this cause which improperly affected the verdict herein has been called to our attention. The verdict is not contrary to law.

Judgment Affirmed.

Emmert, C. J. not participating.

NOTE.—Reported in 79 N. E. 2d 392.