CITY OF EVANSVILLE ETC. *v.* BARTLETT ET AL.

[No. 30,173. Filed November 14, 1962. Rehearing denied December 21, 1962.]

*F. Wesley Bowers,* of Evansville, for appellant.

*John L. Carroll, Edwin W. Johnson, R. Owen Williams* and *Johnson & Carroll,* of counsel, all of Evansville, for appellees.

JACKSON, J.—This was an action brought by the appellant against the appellees to acquire appellees'

real estate by the exercise of the power of eminent domain.

The issues were formed by the appellant's complaint and the answers of the appellees. Appellant and all appellees filed objections to the report of the appraisers fixing the fair cash value of the real estate and the value of the interests of the appellees therein. Trial was had to the court without the intervention of a jury.

The court made a finding of facts and conclusions of law and entered judgment thereon, finding therein that the fair cash value of the real estate, as of the date of trial, was $24,000.

The chronology of the proceedings below is as follows: The complaint was filed October 13, 1959. Said complaint in substance alleging the legal entity of the plaintiff (appellant), the necessary procedural steps leading up to the filing thereof, describing the real estate sought to be acquired, the interests of the appellees therein, and praying for the appointment of appraisers and "that all other steps be taken and all proceedings had necessary for City of Evansville, Indiana, to acquire by the right of eminent domain each of said described tracts of land. . . ."

The Court's judgment vested ownership of the real estate sought to be acquired by this proceeding in the plaintiff (appellant), awarded the appellees Bartlett judgment in the sum of $16,500 and costs and awarded the appellees Debes' and Clements' judgment in the sum of $7,500 and costs.

On July 21, 1961, appellant filed its motion for a new trial, the grounds being:

A. The finding of the court is not sustained by sufficient evidence.

B. The decision of the court is contrary to law.

C. Allegations that the court erred in overruling plaintiff's (appellant's) motion to strike out certain parts of the deposition of Benjamin H. Bartlett because said parts of said deposition were defective. The grounds of this specification are too lengthy to be set out or summarized in this opinion. The motion was sustained in part and overruled in part on August 31, 1961. We find no abuse of discretion on the part of the trial court in his rulings on said motion.

The Assignment of Error contains the single ground, viz:

> "1. The court erred in overruling Appellant's motion for a new trial."

Prior to trial the parties stipulated that plaintiff had the right to take the property in question; that all things necessary to be done had been done and all steps necessary to be taken had been taken to acquire appellees' real estate. It was further stipulated that a fee simple title to said real estate was vested in Benjamin H. Bartlett subject to a lease agreement in effect with the defendants William A. Debes, Christina Debes, J. W. Clements and Margaret Clements which was identified as exhibit No. 1, as amended by a further agreement which was stipulated to be identified as defendants' exhibit No. 2, and it was further stipulated that by reason of the instrument identified as defendants' exhibit No. 3, the lease agreement was extended to November 1, 1967. It was further stipulated that appellees could introduce evidence of the value of the property as of the date of the trial. In view of the importance the parties attach to the stipulation, it is here set out in pertinent part:

> "After considerable discussion by the parties it is agreed that the burden of proof of value in this case shall be on the defendants. It is stipulated

by the parties that the defendants may introduce evidence of the value of the property as of today; however, the plaintiff refuses to stipulate that the date of the taking is the date of the trial, but, instead, insists that the date of the taking is the date of the notice or summons served on the defendants."

The undisputed facts are that Benjamin H. Bartlett was the owner in fee of the real estate sought to be appropriated, that appellees William A. Debes, Christina B. Debes, Margaret Clements and J. W. Clements were lessees of said real estate from Bartlett, the owner in fee, by virtue of a lease executed under date of July 31, 1957, for a two year term beginning November 1, 1957, ending November 1, 1959, at a monthly rental of $175.00 payable in advance in addition to the cash rental the lessees "agree to take care of all repairs on said building on the inside." Such lease further provided for a renewal option of four [4] more two year terms on the same terms and conditions. It is further undisputed that by appropriate notice, in conformity to the lease requirements, lessees extended said lease for the full optional term, ending November 1, 1967.

The matters presented for our consideration in the case at bar may be reduced to the following propositions:

1. The fair cash market value of the property to be appropriated.

a. At the time notice was served on appellees here, October 14, 1958, or

b. At the time of the trial.

2. The admissibility of the evidence as to the profits of a tavern business operated by the appellees DEBES and CLEMENTS.

3. The denial of the motion for a new trial.

It is appellant's contention that the evidence as to the value of the property is strictly limited to the date (or within a few days thereof) of the date the appellees were served with notice under the Statute. Acts 1905, ch. 48, §6, p. 59; 1935 ch. 76, §3, p. 228, being §3-1706, Burns' 1946 Replacement, or in the alternative as of the date of taking, Acts 1953, ch. 176, §17, p. 603, being §48-8557, Burns' 1962 Cum. Supp.

It therefore claims that there was error in admitting evidence as to the value of the property at the time of the trial instead of as of the date of taking. It further claims that in arriving at the value of the property the court committed error in that it admitted in evidence testimony of witnesses who testified to valuations of $39,300 or $40,000. Plaintiff (appellant) says:

> ". . . This testimony, however, was *not* as to the fair market value of the real estate but was of the so-called *'interests'* of the defendants. The inflated values were arrived at by finding the fair market value of the real estate, that is, the value of the buildings and improvements and the land and *then* tacking on to that a value for the 'leasehold'."

We are here confronted with a situation that is somewhat unusual in an eminent domain proceeding, in that by stipulation the parties have determined nearly all the issues involved, the only issues not covered by the stipulation being the value of the property and the value of the lease. Furthermore the parties submit those questions to the court for determination without the intervention of a jury.

There is evidence in the record that the property was of the value of approximately Forty Thousand ($40,000) dollars, there is also evidence in the record,

adduced by plaintiff (appellant) to the effect that the total value of the property was only Thirteen Thousand ($13,000) Dollars. The record discloses also that the report of the appraisers, to which all parties excepted, fixed the value of the real estate at Sixteen Thousand Five Hundred ($16,500) Dollars; the value of the interest of the defendants (appellees), Bartlett being fixed at $14,750, and the value of the interests of Debes and Clements being fixed at $1,750.

In considering the question as to the admissibility of evidence pertaining to the profits from the business of the lessees, it must be kept in mind that in this case there are two separate properties taken, the real estate and improvements, and the business of the lessees. In this case the evidence as to the profits from the tavern business operated by the lessees related only to the value of the leasehold, and not to the value of the land and building, and was properly admitted as evidence of the amount of damages to which the lessees, Debes and Clements were entitled by reason of the taking of their business. *State v. Stabb* (1948), 226 Ind. 319, 79 N. E. 2d 392.

It is apparent from the record that there was evidence of probative value from which the court could have and did in fact find that the value of the property taken amounted to the sum of Twenty-Four Thousand ($24,000) dollars. The allocation of that sum by the court between the appellees might well be a matter of controversy between the appellees, but certainly the allocation between them would be of no concern to the appellant. Evidence as to the value of the freehold and leasehold interests would of necessity, in an action of this nature, be admissible in order to permit the court to adjudi-

cate the rights of the parties to their respective interests in the total amount of the award.

Finally, this matter was tried to the court, the parties themselves, by stipulation and during the trial by conduct, established the theory of the case. They stipulated that evidence of the value of the property as of the date of the trial might be introduced and under these circumstances appellant is not now in position to complain. The parties are bound by the theory upon which the case was tried in the court below. *Branson* v. *Studabaker* (1892), 133 Ind. 147, 155, 33 N. E. 98; *Crabb* v. *Orth* (1892), 133 Ind. 11, 32 N. E. 711; *Lake Erie and W. R. Co.* v. *Acres* (1886), 108 Ind. 548, 9 N. E. 453.

There being shown no abuse of discretion on the part of the trial court the judgment is affirmed.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

## ON PETITION FOR REHEARING

JACKSON, C. J.—Appellant has filed its petition for rehearing alleging that the following statement in the original opinion, set forth below, is in error and contravenes the ruling in *State etc.* v. *Montgomery Cir. Ct. etc.* (1959), 239 Ind. 337, 157 N. E. 2d 577, by holding that two separate properties were taken. In the original opinion we said:

"In considering the question as to the admissibility of evidence pertaining to the profits from the business of the lessees, it must be kept in mind that in this case there are two separate properties taken, the real estate and improvements, and the business of the lessees. In this case the evidence as to the profits from the tavern business operated by the lessees related only to the value of the leasehold, and not to the value of the land and building, and was properly admitted as evi-

dence of the amount of damages to which the lessee, Debes and Clements, were entitled by reason of the taking of their business."

It is not our intention to hold that two properties were taken, but only that there were two interests in one property, nor did we intend by the above language, either to overrule or modify *State etc.* v. *Montgomery Cir. Ct. etc., supra.*

In considering the question as to the admissibility of evidence pertaining to the profits from the business of lessees, it must be kept in mind that this was a condemnation action instituted against a single tract of land in which there are two interests, including, under the leasehold, a going business of the appellees, Debes and Clements. In such a situation it was the duy of the court to fix the fair cash market value of the entire property as between the condemnor and all the defendants. It then becomes the duty of the court to apportion the same according to the respective interests of the defendants. The evidence here in question was admissible as tending to show the value of the lessees' interest for the purpose of apportioning the total award between the two interests involved. The award stands in the place of the land and the owners of each interest may recover out of the award the proportionate interest which they had in the land condemned.

The petition for rehearing is denied.

Achor, Arterburn and Bobbitt, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 186 N. E. 2d 10. Rehearing denied 186 N. E. 2d 799.