ALLRED v. STATE OF INDIANA.

[No. 30,451. Filed January 29, 1965. Rehearing denied April 15, 1965.]

·· *Patrick N. Ryan,* and *Ryan & Welchons,* of Marion, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

LANDIS, J.—This appeal is from the judgment denying appellant's motion to vacate the previous judgment of conviction of larceny by shoplifting[1] which had been entered by the court upon appellant's plea of guilty.

Appellant's verified motion to vacate judgment filed in the lower court was as follows:

" . . . the defendant in the above-entitled cause . . . being duly sworn upon his oath deposes and says:

"1. By affidavit dated March 19, 1962, he was charged herein with larceny by shoplifting for allegedly stealing an $18.99 radio.

"2. At his arraignment, he pleaded not guilty and asked for trial by jury.

"3. Sometime before March 12, 1963, the prosecutor for this judicial circuit acting for the State of Indiana and the defendant's attorney agreed that in the interests of justice if the defendant would change his plea to guilty of this offense said prosecutor would recommend a suspended sentence. The honorable judge was aware of this and concurred in the matter. This was represented to the defendant who on said March 12, 1963, changed his plea to guilty.

"4. On May 15, 1963, when the less than tal-

1. Burns' §§10-3025, 10-3026 (1963 Supp.), Acts 1959, ch. 194, §2, p. 441, Acts 1959, ch. 194, §3, p. 441.

ented probation officer had submitted a paper purporting to be a pre-sentence investigation, the Court acting on the same sentenced the defendant to the Indiana State Farm for a period of 90 days and fined him the maximum of $200.00. Said paper was nothing more than a story based on irrelevant heresay [sic]. Actually the defendant had a very minor criminal record.

"5. That he is not guilty of the crime charged as he previously informed the Court at his arraignment and he only changed his plea after hearing of the above representations.

"WHEREFORE, defendant moves the court to vacate its judgment herein, to withdraw his plea of guilty and enter his plea of not guilty and stand trial by jury."

The State filed nothing in opposition to the motion to vacate judgment and the court denied the same without a hearing of evidence upon the allegations therein contained, the record merely showing the said motion was filed, submitted and denied on May 16, 1963.

Appellee (The State) has conceded in its brief that if appellant's motion to vacate judgment and withdraw the guilty plea were uncontroverted, its allegations should be accepted as true, but appellee contends such allegations were already contradicted by appellant's statements under oath in open court at the time appellant entered his plea of guilty to the charge. Appellee cites the following:

"Q. Is your present plea done freely and voluntarily?
"A. Yes.
"Q. No pressure, no duress in any form for you to make the change of plea; no promises of leniency, on the other hand?
"A. No promises."

Appellee further cited the court's statement to appellant at such time that if he expected leniency, he should start telling the truth.

In reviewing the question of whether the lower court abused its discretion in denying appellant's motion to vacate judgment and withdraw the guilty plea, it can be said that if there is a conflict in the evidence, and there is substantial evidence indicating appellant was fully advised of his rights, that his plea of guilty was freely and understandingly entered, and that at the time appellant entered his plea of guilty he freely and willingly admitted his guilt, there would appear to us no abuse of discretion by the lower court in denying the motion to set aside the judgment and plea, but rather that appellant's motion in reality was filed because of his disappointment in the expectation that his punishment would be light. See: *Allen* v. *State; Cordes* v. *State* (1944), 222 Ind. 431, 433, 54 N. E. 2d 104.

We of course have no knowledge of the truth or falsity of the assertions by appellant in his pleadings filed in the trial court, but the statement under oath by the accused in his petition to set aside the judgment of conviction, rendered on his plea of guilty, setting forth that he had informed the trial court at the time of his arraignment he was not guilty of the offense of which he was charged, goes to the very heart of the question of whether his plea of guilty was entered freely and understandingly so as to have validity.

The record before us shows no pleading by the State denying the truth of the allegations of appellant in his petition and no hearing. If appellant desired a hearing and an opportunity to introduce evidence upon the allegations of his said petition to set aside judgment and withdraw the plea, he should have been accorded the same. As the record stands as above indicated, it shows no denial of the allegations of appellant's petition, and the trial court could not properly have summarily overruled the same.

Judgment reversed with instructions to set aside the lower court's ruling denying the motion to vacate and further directing the lower court to reopen the issues on appellant's motion to vacate and for further proceedings.

Arterburn, C. J., and Jackson, Myers and Achor, JJ., concur.

## ON REHEARING

LANDIS, J.—On petition for rehearing appellee (the State) contends our opinion[1] reversing the judgment and directing the lower court to reopen the issues on appellant's motion to vacate and withdraw his guilty plea, was erroneous and incongruous.

Appellee states that it agrees with the following statement in our opinion, viz:

" . . . if there is a conflict in the evidence [upon appellant's motion to vacate judgment and withdraw the plea], and there is substantial evidence indicating appellant was fully advised of his rights, that his plea of guilty was freely and understandingly entered, and that at the time appellant entered his plea of guilty he freely and willingly admitted his guilt, there would appear to us no abuse of discretion by the lower court in denying the motion to set aside the judgment and plea, . . . ."

Appellee states it concedes that if appellant's motion to vacate judgment were uncontroverted the allegations thereof should be accepted as true. Appellee however argues appellant's statements under oath in open court when he entered his plea of guilty, contradicted his motion to vacate. These statements, as appearing in our previous opinion[2] were that appellant stated his guilty plea was entered freely and voluntarily and without promise of leniency.

---

1. *Allred* v. *State* (1965), 246 Ind. 354, 203 N. E. 2d 830.
2. *Ibid.*

Appellee's argument is in error, however, for these statements by appellant did not conflict with *appellant's averment under oath* in his motion to vacate judgment, *that he informed the trial court* at the time of his arraignment *he was not guilty of the offense with which he was charged.* A person may freely and voluntarily plead guilty when he is not guilty. He may do so when the plea is not understandingly made [which our previous opinion[3] pointed out was an important factor] or he might do so to shield someone else or for numerous reasons which we need not consider here. The important thing however is that appellant's statement in his motion to vacate that he told the trial court he was not guilty was not contradicted by the fact that he was willing to plead guilty to the charge and did so plead. The trial court should have heard evidence on this matter.

Appellee is further in error in stating on rehearing that appellant " . . . admitted at his hearing that he had stolen a radio." To the contrary appellant merely stated he had "a radio," and further stated: " . . . I don't remember, sir, about it, but I had it." This is far from an admission of guilt to shoplifting or stealing a radio.

Appellee cites *Shustrom* v. *State* (1933), 205 Ind. 287, 185 N. E. 438, but it is not applicable in view of the above discussion. Appellee makes no reference to the subsequent case of *Goff* v. *State* (1960), 240 Ind. 267, 163 N. E. 2d 888, wherein we held it was reversible error for the trial court to refuse to hear appellant's motion to withdraw his plea of guilty where the state had not filed counter affidavits and no evidence contradicting appellant's verified statements could be found in the record.

Petition for rehearing denied.

3. *Ibid.*

Arterburn, C. J., and Jackson and Myers, JJ., concur.
Achor, J., not participating.

NOTE.—Reported in 203 N. E. 2d 830. Rehearing denied 205 N. E. 2d 826.