STATE OF INDIANA, *v.* HIERHOLZER ET AL.

[No. 30,375. Filed May 21, 1965. Rehearing
denied September 13, 1965.]

*Edwin K. Steers,* Attorney General, and *Howard R. Johnson,* Deputy Attorney General, for appellant.

*Byron G. Jenkins* and *Wayne W. Hinkle,* of Portland, and *Frank E. Spencer,* of Indianapolis, for appellee.

MYERS, J.—This is an appeal from a judgment of the Jay Circuit Court in a condemnation suit involving the appropriation of a portion of appellees' land as part of a program for the widening of State Highway 67 in Jay County, Indiana. Only one issue was presented to the jury, that of damages suffered by the appellee, Alma M. Hierholzer, due to the taking of a part of her land by the State. The issue was decided in favor of said appellee, the jury finding that she was entitled to $33,350, with interest at the rate of six per cent. This resulted in a judgment of the court by which the State was ordered to pay appellee the sum of $34,202.47.

Following the court's judgment, the State filed in proper time a motion for new trial which the court overruled, whereupon the State appealed, as-

signing the overruling of its motion for new trial as error.

In response to the State's appeal, appellee filed a motion to dismiss or affirm. Ruling on this motion was postponed until after the case could be heard on its merits. Now, we have evaluated the appellees' motion, and we find it to be insufficient to warrant a dismissal of the appeal or an affirmation of the judgment below.

In the motion for new trial, the appellant has outlined seventeen specifications of error, several of which appellant has specifically waived in its brief and a number of which it has consolidated. We shall limit our discussion only to the specification of error upon which our opinion is based since we find that error has been committed in the proceedings below.

Under specification of error No. 2 in the motion for new trial, appellant alleges in essence that the trial court erred by permitting the introduction of evidence concerning business profits and damages caused by destruction of business. A number of questions of the type complained of by appellant were directed to and answered by Mrs. Hierholzer, the appellee, and another witness for appellees, Raymond Elliott. Mrs. Hierholzer was permitted to give testimony over objections as to the amount of her net income derived from the business in 1961. She was also permitted, over the State's objection, to state her opinion as to the value of the "going business" which had been conducted on the premises appropriated by the State. Prior to this testimony, Mrs. Hierholzer had already given her opinion of the value of the land and improvements on it taken by the State. Similarly, Mr. Elliott was allowed, over the State's objection, to testify to the value of the "going business." This was after he already had given his

opinion as to the value of the land and improvements taken by the State. The particular question directed to Mr. Elliott in regard to the value of the "going business" was as follows:

"Q. What is your opinion then, sir, as to the value of the going business, not including the stock in trade and not including the value of the land and improvements?"

The trial judge based his rulings in reference to the testimony above on his understanding of *State* v. *Stabb* (1948), 226 Ind. 319, 79 N. E. 2d 392.

In the very recent case of *Elson* v. *City of Indianapolis* (1965), 246 Ind. 332, 627, 204 N. E. 2d 857, 861, Vol. 4, Ind. Decs. 652, 657, we held that:

" 'The general rule in this country is that such business and the fruits thereof are too uncertain, remote and speculative to be used as the criterion of the market value of the land upon which the business is conducted. Neither the value of such business nor the profits therefrom are ordinarily considered insofar as the market value of the land upon which the business is conducted is concerned,' . . . . Nichols on Eminent Domain, Vol. 4, §13.3 [1], pp. 443, 445, 446."

In concluding our opinion in the *Elson* case, *supra,* we stated as follows (at p. 627 of 246 Ind., at p. 863 of 204 N. E. 2d, at p. 661 of 4 Ind. Decs.):

"That being true, no evidence as to the value of the business should be permitted in the case at bar. To do so would permit the condemnee to recover a value already taken into account in arriving at the amount of the award."

Furthermore, in the *Elson* case we pointed out that the only effect of *State* v. *Stabb, supra,* was to permit the introduction into evidence of testimony as to the volume of business conducted on the land in order to show the value of such land, and that it was

not the intent of the court in the *Stabb* case to create a new criterion of damages in the form of loss of business or loss of profits from such business.

In view of our holding in the *Elson* case, *supra,* it was error to admit into evidence over objections testimony of business profits and the value of such business since this permits the jury to consider improper elements in arriving at its verdict. Therefore, appellant's motion for new trial should have been granted, and it was error to overrule it.

Judgment reversed and motion for new trial granted.

Arterburn, C. J., and Achor and Jackson, JJ., concur.

Landis, J., dissents.

NOTE.—Reported in 207 N. E. 2d 218.