**RESTAURANTS, INC., a Delaware corporation, Defendant Below, Appellant,**

v.

**The CITY OF WILMINGTON, a municipal corporation of the State of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 21, 1971.

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for defendant below, appellant.

Victor J. Colombo, Asst. City Sol., for plaintiff below, appellee.

WOLCOTT, C. J., CAREY, J., and MARVEL, Vice Chancellor, sitting.

MARVEL, Vice Chancellor:

The City of Wilmington having condemned property at 1620 King Street under authority of the provisions of § 1–101 of the Code of Wilmington and Title 10 Del.C. §§ 6101 and 6102 for the purpose of establishing a firehouse on such site, the lessee of the premises, Restaurants, Inc., the defendant and appellant in this action, and the owners of the premises negotiated a partial settlement with the City concerning the value of the owner's fee simple interest in the property as well as that of the tenant's unexpired leasehold interest. Ap-

**138**

pellant not being satisfied with the amount thus made available to it, went on unsuccessfully to contend in the Superior Court that the condemnation award to be paid it should include additional compensation for loss of its restaurant business and liquor license. The sole issue to be decided in this appeal is whether or not such additional elements of loss are compensable in an eminent domain proceeding.

■■ Section 8 of Article I of the Constitution of Delaware, Del.C.Ann., requires that compensation be paid for the taking of real estate interests in condemnation proceedings but does not serve as a basis for recovery for the loss of a business being carried on at condemned premises although evidence concerning a business carried on at the site of a condemned property is admissible in such a proceeding so long as such evidence is sought to be introduced solely to establish the market value of the real estate in controversy, Wilmington Housing Authority v. Nos. 312–314 East Eight Street, 5 Storey 252, 191 A.2d 5, Improved Parcel of Land, etc. v. State ex rel. State Highway Dept., Del.Supr., 201 A.2d 453, 0.744 of an Acre of Land v. State ex rel. State Highway Department, Del.Supr., 251 A.2d 341, and 5A Thompson on Real Property, § 2582, p. 62 (1970 Supp). And this is so even where a business cannot be successfully relocated, State v. 0.622 Acres of Land, Del.Super., 254 A.2d 57, United States ex rel. Tennessee Valley Authority v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390, and Amoskeag-Lawrence Mills, Inc. v. State, 101 N.H. 392, 144 A.2d 221.

■ Defendant nonetheless argues that the circumstances presented in the case at bar require that an exception here be made to established principles of law governing condemnations, pointing out that 4 Del.C.

§ 543(f) of the Delaware Alcoholic Beverage Law directs that a license not be granted to an applicant who seeks to carry on a licensed business within 1200 feet of an existing licensed establishment and that such geographical restriction makes relocation of defendant's business difficult if not impossible. The hardship so imposed was recognized in State v. 0.622 Acres of Land, supra. However, the trial judge in the last cited case, after noting that 4 Del. C. § 543(g) provides some relief to persons losing liquor licenses in a situation similar to the one at bar, decided that the basic relief sought by the condemnee must be obtained through legislative rather than judicial action. We agree with such holding.

■ Finally, turning to appellant's claimed rights in its status as an alcoholic beverage licensee as opposed to that of a restauranteur licensed to sell alcoholic beverages with meals, it is well established that the loss of a license to sell alcoholic beverages is not compensable inasmuch as such a license is not that sort of property which is protected by constitutional guarantees, being deemed a limited permit issued by the State in the exercise of its police power so as to enable a licensee to engage in an enterprise which otherwise would be unlawful, Darling Apartment Co. v. Springer, 25 Del.Ch. 420, 22 A.2d 397, Demarie v. Delaware Alcoholic Beverage Control Commission, 1 Storey 206, 143 A.2d 119, and State v. 0.622 Acres of Land, supra.

We are of the opinion that the appellant here is not entitled to be compensated in this eminent domain proceeding for the loss of either its restaurant business or of its license to sell alcoholic beverages with meals considered as an independent item of claimed loss. The ruling of the Superior Court dismissing defendant's claims in this condemnation case will be affirmed.