Herbert ABLEMAN et al., Defendants Below, Appellants,

v.

The STATE of Delaware upon the relation of the SECRETARY OF the DEPARTMENT OF HIGHWAYS AND TRANSPORTATION, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Sept. 18, 1972.

Donald W. Booker, of Booker, Green, Shaffer, Berl & Wise, Wilmington, for appellants.

Aubrey B. Lank, of Theisen, Lank & Kelleher, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal from an award of $16,500.00 for the taking of a parcel of 0.-2026 acres of land in Christiana Hundred. A motion by the landowners to set aside the award under 10 Del.C. § 6108(g) was denied and the landowners appeal generally, alleging the insufficiency of the award.

The parcel of land lies along the westerly side of Centerville Road with a frontage of 238 feet and a maximum depth of 78 feet at the southerly end, decreasing to 0 feet at the northerly end. The parcel is zoned M–2 which requires a 40-foot setback from Centerville Road and a 20-foot setback from the rear lot line for any construction. The parcel was used at one time as a used car lot, but at the time of condemnation it was used by the appellants, apparently successfully, as a sales lot for trailers and campers. It seems clear that the appellants had expanded their business over the property lines, including one building used in the business. A Highway Department witness testified that the utilization of the land was in violation of the zoning code, but the question is not before us.

The record discloses that the business in 1970 grossed $281,000.00, and for the first 3½ months of 1971, $135,000.00. The appellants acquired the parcel in 1967 by purchasing the ⅔ interest of a partner for $25,000.00. Their expert appraiser testified the land had a fair market value of $45,000.00, not based on comparable values. He testified as to several possible approaches to valuation, and valued the parcel at $5.17 per square foot in its entirety.

The Highway's expert appraiser testified, using comparable sales of used car lots, admittedly not in the immediate vicinity, and the rental value of a nearby used car lot, and arrived at a fair market value of between $13,500.00 and $14,700.00.

The first argument made in support of the appeal is that the award must be set aside because it does not conform to the law and the facts. This Court, in considering a motion to set aside an award in condemnation, may set it aside only if it is erroneous as a matter of law or if there is no competent evidence to support the commission's findings. The award of a condemnation commission is thus similar in finality to the verdict of a jury. See Wilmington Housing Authority v. Harris, Del. Super., 8 Terry 469, 93 A.2d 518 (1953).

We think there is in the record more than sufficient evidence to support the award as to the facts, particularly if the commissioners be assumed, as they must be, to have accepted the testimony of the Highway's appraiser and to have rejected the testimony of the appellants' appraiser, which was highly hypothetical.

Appellants raise, also, certain alleged errors of law which they say require that the award be set aside. First, it is argued that the commissioners were not selected in accordance with the provisions of 10 Del.C. § 6108(b). This section requires that after certain elimination procedures the three remaining commissioners shall be summoned and "shall be the commissioners for the cause". The three remaining ones were summoned but for some undisclosed reason one was excused and his place was taken by the alternate.

Great stress is laid upon the word "shall" in the section, but the fact is that appellants raised no objection to what actually took place until after the award was handed down in an amount less than that for which they contended. They argue, however, that it is a statutory requirement that may not be waived.

■ We do not think that the provision of § 6108(b), to the effect that the three remaining individuals "shall" be the commissioners, creates a right which cannot be waived by the parties. It does not rise to either a constitutional or due process height, nor is it of a jurisdictional nature; consequently, it may be waived by the failure to make timely objection. 1.67 Acres v. State, Del., 225 A.2d 763 (1967).

■ Furthermore, the appellants' argument that the failure to follow the statutory mandate amounts to a lack of due process because of the failure of the statute to provide for a *voir dire* examination of prospective commissioners, is a criticism of the statute's policy which should properly be addressed to the General Assembly and not to us.

■ Finally, on this point the appellants' charge that the commissioner exhibited bias, lack of interest, and misconduct, finds no support in the record.

■ Next, it is argued that the Trial Judge committed error in excluding from evidence testimony as to the net income of the appellants' business on the premises. In Restaurants, Inc. v. Wilmington, Del. Supr., 274 A.2d 137 (1971), we held that evidence as to business carried on at the site is admissible if it is introduced in connection with the establishment of the fair market value of the land itself.

■ As a matter of fact, there was testimony before the commissioners of the gross sales of the appellants' business which is the only income evidence properly admissible since it may help to establish economic rent of the property. Past and future profits of the business, however, are too speculative; they depend upon too many intangibles. State v. Bowles, 472 P.2d 896 (Okl.1970); Steinmetz v. State, 249 Ind. 184, 231 N.E.2d 232 (1967); Annot., 16 A.L.R.2d 1113.

■ Next, the appellants argue that after the trial they discovered that the Highway had one or more appraisals at a higher figure than the appraisal testified to at the trial by the Highway's expert. They argue that since the Highway had evidence in its possession more favorable to the owners, it was duty bound to disclose it.

■ However, the law of this State is to the contrary. The burden of proving fair market value is placed upon the owner. Board of Education of Claymont v. 13 Acres, Del.Super., 11 Terry 387, 131 A.2d 180 (1957). The Superior Court has consistently held that the current rules of the Superior Court do not require the production of appraisals in the possession of the condemnor which are not offered in evidence.* The appellants made no motion under Rule 26 of the Superior Court for production, nor propounded an interrogatory to the Highway concerning it. The point was, therefore, not properly preserved, and it comes too late in this Court.

■ Finally, it is argued that it was error for the Trial Judge to strike the testimony of one of the appellants as to his opinion of the fair market value of the property. It appears that the struck testimony related to the value of the land based upon gross sales, and was of a particular personal value to the witness as the operator of the business. As such, it did not tend to establish fair market value as between a willing buyer and a willing seller. An owner's estimate of value is admissible solely to establish fair market value and not a value peculiar to himself. As such, the testimony was properly struck. State v. J. H. Wilkerson & Son, Inc., Del.Supr., 280 A.2d 700 (1971).

The judgment below is affirmed.

* This holding appears in unreported cases, including Wilmington Housing Authority v. 608 French St., Civil Action 3197, 1966 (1967); Wilmington Housing Authority v. 101 N. Monroe St., Civil Action 5214, 1969 (1970); State v. Newton Realty, Inc., Civil Action 353, 1969 (1970).