## STATE OF INDIANA v. CORIDAN ET AL.

[No. 27,976. Filed May 10, 1944. Rehearing denied May 31, 1944.]

*James A. Emmert,* Attorney General, and *Connor D. Ross,* Deputy Attorney General, for appellant.

*Sam Offutt,* of Greenfield, and *Clarence Means,* and *William E. Reiley,* both of Indianapolis, for appellees.

FANSLER, C. J.—This is an appeal from an order amending and correcting a judgment. The case was here before and the judgment was affirmed. *State* v. *Coridan et al.* (1943), 221 Ind. 404, 47 N. E. (2d) 978. The original trial was by jury and there was a verdict for the defendants, finding that, by reason of the appropriation of their land and the location of a public highway thereon on October 21, 1935, they had been damaged in the sum of $2,000, plus interest. The judgment entered upon this verdict was for $2,000. After the judgment had been affirmed and the case remanded, the defendants filed a petition to amend the judgment to conform to the verdict, by providing interest at the rate of 6 per cent per annum from the 21st day of October, 1935, to the 13th day of June, 1941, the date

of the verdict. The State objected upon the ground that the judgment could not be amended after the term and after an appeal, and that the petition does not seek to correct a mere inadvertence, but to add a substantial amount to the judgment. After hearing the parties, the court found "that this Court by a clerical error erroneously omitted to include in said judgment . . . the interest included in the verdict of the jury . . . ," and the judgment was ordered modified, and was modified, to include interest.

Where property has been taken the jury is required to determine the value at the time it was taken, and interest should be added to the date of the verdict. *State ex rel. McNutt et al.* v. *Orcutt et al.* (1937), 211 Ind. 523, 199 N. E. 595, 7 N. E. (2d) 779. The jury awarded interest, but did not make the computation and fix the amount. The legal rate is 6 per cent., and the verdict left nothing to be done but compute the interest from October 21, 1935, to the date of the verdict. This the court should have done in entering the original judgment.

"It is well settled, by numerous decisions of this court, that the courts of this State are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records supply the means for making such corrections or supplying such omissions." *Miller* v. *Royce, Adm'r* (1877), 60 Ind. 189, 191, 192; *Conway* v. *Day et al.* (1881), 79 Ind. 318; *Chissom et al.* v. *Barbour et al.* (1885), 100 Ind. 1. In the first case, a judgment, in which the amount of principal and interest due had been left blank, was corrected after twelve years. In the second case there had been a judgment on a note for $2,500, and an appeal in which the judgment was affirmed. Thereafter, upon a show-

ing that, by inadvertence, no order for the collection or enforcement of the judgment without relief from valuation or appraisement laws had been entered, the judgment was corrected to include such an order. The court said (pages 319, 320 of 79 Ind.): "The fact that the judgment had been appealed from by the appellees, and had been affirmed by the Supreme Court, presumably at the instance of the appellant, constitutes, as it seems to us, no bar to the petition or motion for correction; no more, indeed, than the original entry of the judgment, which, in the same sense, is presumed to have been entered at his instance."

Judgment affirmed.

NOTE.—Reported in 54 N. E. (2d) 649.