STATE OF INDIANA BY AND THROUGH THE STATE HIGHWAY COMMISSION OF INDIANA, RUEL W. STEELE, CHAIRMAN OF SAID COMMISSION, JAMES F. DUMAS, VICE-CHAIRMAN OF SAID COMMISSION, HAROLD O. MCCUTHAN, AND HARRY B. BROWN, MEMBERS OF SAID COMMISSION v. BLACKISTON LAND COMPANY, INC.

[No. 1-772A33. Filed October 11, 1973.]

*Theodore L. Sendak*, Attorney General, *John T. Carmody, Robert A. Zaban,* Deputy Attorneys General, for appellants.

*Evan E. Steger, G. Daniel, Kelley, Jr., Ice Miller Donadio & Ryan,* of Indianapolis, *Robert H. Kempf, Jr., Meranda & Kempf,* of Jeffersonville, and *Richard W. George, Bloom & Bloom,* of Fort Wayne, for appellees.

ROBERTSON, P.J.—Defendant-appellant State Highway Commission (State) brings this appeal from an adverse judgment in an inverse condemnation proceeding brought by plaintiff-appellee Blackiston Land Company (Blackiston).

On September 8, 1964, the State entered a strip of land owned by Blackiston. The land was adjacent to and abutted State Highway 131 in Clark County. The purpose of the entry was to enlarge the roadway from two lanes to four. Blackiston approved of the entry subject to its right to receive just compensation for the land. An agreement on compensation was never reached, and on December 22, 1970, Blackiston filed its complaint for inverse condemnation. The Clark Superior Court rendered judgment on the jury's verdict of $60,000 for damages and compensation for the property appropriated by the State, with interest of $17,800. In addition, Blackiston was awarded his reasonable expenses in the sum of $36,685 which broke down as follows: attorney fees $26,800, appraisal fees $9,700, and investigation fees $185. Also, court costs of $3,931 were awarded to Blackiston.

On appeal the State raises three issues:

1. Whether, in an inverse condemnation proceeding, the value of the property which serves as the measure of com-

pensation should be determined as of the date the State entered and took possession of the land, or the date on which notice was served on the State pursuant to the inverse condemnation action.

2. If the value is determined as of the date of service on the State, does interest on the damages accrue from the date of service or from the date on which the State entered the land.

3. Whether or not Public Law 97, Acts of 1971, the same being IC 8-13-18.5-1 to -20, Ind. Ann. Stat. §§ 3-1771 to 1790 (Burns 1972 Supp.), should apply to actions filed prior to the effective date of its enactment.

The basis for the dispute on the first issue is the significant increase in the value of the land in question between 1964, the date of entry, and 1970, when condemnation proceedings began. The trial court used December 29, 1970, as the date the appraisers were to use in establishing the land value. Blackiston urges this to be the correct date, and in support cites the following section of the Eminent Domain Act of 1905:

> *"Lands taken without condemnation—assessment of damages.*—Any person having an interest in any land which has heretofore been or may hereafter be taken for any public use without having first been appropriated under this or any prior law may proceed to have his damages assessed under this act, *substantially in the manner herein provided."* (Emphasis added) IC 32-11-1-12, Ind. Ann. Stat § 3-1711 (Burns 1968) (hereinafter referred to as section 3-1711)

The emphasized language is a reference to that part of the Act which provides for the assessment of damages in a direct, as distinguished from an inverse, condemnation proceeding. In addition to providing for the appointment of appraisers and the factors to be considered by them in their assessment of damages, this section states:

> ". . . For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of the notice . . . and its actual value, at that date, shall be the means of compensation for

all property to be actually taken and the basis of damages to property not actually taken but injuriously affected . . . ." IC 32-11-1-6 Ind. Ann. Stat. § 3-1706 (Burns 1968) (hereinafter referred to as section 3-1706)

Taken together, sections 3-1711 and 3-1706, Blackiston contends, require that the value of the property be established as of the date on which notice is served on the State.

We are of the opinion that the proper interpretation of section 3-1711 is that urged by Blackiston. The language requiring that damages be assessed "substantially in the manner as herein provided" encompasses the date as of which those damages are to be measured, that date being found in section 3-1706.

The State's reliance on *Oregon State Highway Comm.* v. *Stumbo* (1960), 222 Or. 62, 352 P. 2d 478, annotated 2 A. L. R. 3d 1028 (1965) is misplaced as that case was decided in a state without a statute prescribing an assessment date in either a direct or an inverse action.

We do not feel that this ruling works an unfair hardship on the State. It was well within its power to dictate the date on which damages were assessed. Had the State instituted condemnation proceedings at any time between 1964 and 1970 the assessment date would have been the date of service of notice on the landowner, Blackiston, as provided in section 3-1706.

As for the second issue, the State contends the trial court erred when, after setting the date for assessment of damages at the 1970 service of notice date, it allowed interest on those damages from the 1964 date of entry by the State. According to the State, logic requires the running of interest to commence on the same date on which the property is evaluated, that being the date of service of notice.

Neither logic nor the applicable statute requires such a result. The State has failed to recognize the purpose for

awarding interest in an eminent domain proceeding. It is not, as suggested by the State, to compensate the landowner for the loss in value of his property. Rather, it is a means of measuring the loss caused the landowner due to the deprivation of the use of his land, and should be allowed for the period of time between the entry or physical taking by the condemnor and the payment of just compensation therefor. See *Keefer* v. *Penn-Harris-Madison School Corp.* (1971), 256 Ind. 224, 267 N.E.2d 838; *State* v. *Geiger & Peters, Inc.* (1964), 245 Ind. 143, 196 N.E.2d 740. The interest award is an essential element of the just compensation demanded by Article I, section 21, of our State Constitution when private property is taken for public use. *State* v. *Stabb* (1948), 226 Ind. 319, 79 N.E.2d 392. *See generally* 3 Nichols on Eminent Domain § 8.63 (1965).

The statute which requires interest to be computed in the manner used by the trial court provides in part as follows:

"Sixth. In any trial of exceptions, the court or jury shall compute and allow interest at the rate of 4% per annum on the amount of a defendant's damages *from the date plaintiff takes possession of the property* . . . ." (Emphasis added) IC 32-11-1-8 Ind. Ann. Stat. § 3-1707 (Burns 1968)

This statute, of course, applies to a direct condemnation proceeding, as evinced by the reference to the date when *plaintiff takes possession.* On its face, it would not apply to an inverse proceeding in which the person taking possession is the defendant, not the plaintiff. However, section 3-1711 enters the scene with its "substantially in the manner herein provided" language, which results in the landowner, in an inverse condemnation proceeding, receiving interest on his damages from the date the State took possession of the property. Hence, the trial court did not err in making an award of interest in the instant case to run from September 8, 1964, the date on which the State entered possession.

Although no previous Indiana case has reached the result reached here—interest being computed from a date prior to the date of evaluation of the property—cases from other jurisdictions have. See *Desert Waters, Inc.* v. *Superior Court* (1962), 91 Ariz. 163, 370 P. 2d 652; *City of San Rafael* v. *Wood* (1956), 144 Cal. App. 2d 604, 301 P. 2d 421; *Andrews* v. *State* (1959), 19 Misc. 2d 217, 188 N. Y. S. 2d 854.

The final issue raised by the State concerns the trial court's action awarding Blackiston its reasonable costs in the amount of $36,685, pursuant to the following statute:

> "(c) The Court rendering a judgment for the plaintiff in a proceeding brought under [Burns § 3-1711] . . . in awarding compensation for the taking of property by an agency . . . shall determine and award or allow to such plaintiff, as a part of such judgment . . . such sum as will in the opinion of the court or the agency reimburse such plaintiff for the reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding." IC 8-13-18.5-13, Ind. Ann. Stat. § 3-1783 (Burns 1972 Supp.) (hereinafter referred to as section 3-1783)

This statute was enacted as a part of Acts 1971, P. L. 97, § 1, p. 445, which became effective on September 2, 1971. The State contends that the trial court erred in applying this statute to an action brought under section 3-1711 nine months earlier on December 22, 1970.

We uphold the trial court on this issue, also. Section. 3-1783 is a statute pertaining to costs and the rule has been long established that the law which governs as to costs is that in force at the time judgement is rendered. *Free and Another* v. *Haworth* (1862), 19 Ind. 404. Other jurisdictions have similarly made awards of fees and costs and in eminent domain proceedings pursuant to a statute which took effect after the initiation of the proceedings. See *State Dept. of Mental Health* v. *Cholewinsk* (1967), 27 Conn. Sup. 286, 236 A. 2d 339; *Chicago & W.I.R. Co.* v. *Guthrie* (1901), 192 Ill. 579, 61 N.E. 658.

In response to the State's assertion that the manner in which the trial court made the award of expenses was improper due to no hearing being held or prior notice being given, suffice it to say that the record shows that notice of Blackiston's request for expenses was given the State, and that no objection was made by the State to the statement of costs filed in the trial court by Blackiston.

Two ancillary issues remain for disposal. The first is Blackiston's Motion for An Award of Attorneys Fees and Leave to Submit a Bill of Costs, based upon the additional expenses of defending the appeal. Blackiston's motion is granted with the Bill of Costs being submitted to the trial court for a determination of reasonableness pursuant to section 3-1783. Secondly, Blackiston's Motion to Dismiss or Affirm is overruled. While the grounds specified therein may contain some merit the posture of the appeal is such that an opinion on the merits by the court was possible.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 301 N.E.2d 663.