373 N.E.2d 906 (1978)
D. Blanche STRUBLE, Appellant (Defendant below),
v.
ELKHART COUNTY PARK AND RECREATION BOARD, Appellee (Plaintiff below).
No. 3-1176A267.
Court of Appeals of Indiana, Third District.
March 20, 1978.
Rehearing Denied April 21, 1978.
*907 Marshall F. Kizer, Richard F. Joyce, Kizer, Neu, Joyce & Rockaway, Plymouth, for appellant (defendant below).
Gene R. Duffin, Goshen, Brooks C. Pinnick, Warsaw, for appellee (plaintiff below).
STATON, Presiding Judge.
D. Blanche Struble is the landowner in this condemnation action. A jury awarded her $47,250 and interest for the taking of her land by the Elkhart County Park & Recreation Board. On this award the trial court computed interest at four per cent per annum, from November 21, 1971 to July 31, 1974, pursuant to IC 1971, XX-XX-X-X (Burns Code Ed.).[1] The issue for consideration is whether computation of interest at four per cent deprived the landowner of the "just compensation" which Article I, Section 21 of the Indiana Constitution requires,[2] and hence whether XX-XX-X-X, which provided for the four per cent rate, was unconstitutional. We uphold the statute's constitutionality and affirm the judgment.

I.

Interest
Before 1965 the Indiana General Assembly made no provision for the award or computation of interest on condemnation judgments. Nevertheless Indiana courts recognized interest as an "essential element" of the just compensation demanded by our Constitution when private property is taken for public use. State Highway *908 Com'n v. Blackiston Land Co., Inc. (1973), 158 Ind. App. 93, 301 N.E.2d 663. See also State v. Stabb (1948), 226 Ind. 319, 79 N.E.2d 392; Schnull v. Indianapolis Union Ry. Co. (1921), 190 Ind. 572, 131 N.E. 51. Since the General Assembly had not provided for interest on condemnation judgments, courts computed interest thereon at the legal rate. Stabb, supra; State v. Coridan (1944), 222 Ind. 545, 54 N.E.2d 649.
In 1965 the General Assembly made provision for interest on condemnation awards at the rate of four per cent per annum. 1965 Ind. Acts, Ch. 344, Sec. 1. The legal interest rate then was six per cent per annum. In Gradison v. State (1973), 260 Ind. 688, 300 N.E.2d 67, interest upon the condemnation judgment was computed by the trial court at six percent from the date of the "take" to July 8, 1965, the effective date of the four per cent interest provision, and at the rate of four per cent thereafter. The landowner maintained that he was entitled to six per cent interest for the entire period, since six per cent was the rate in effect at the time of the "take." The Indiana Supreme Court concluded that the trial court properly computed the rate of interest, and that the General Assembly could set the rate of interest in condemnation cases:
"The origin of landowner's right to compensation is constitutional and statutory. It is not based upon the voluntary acts and agreements of the parties, and although the obligation of the condemnor to pay has sometimes been referred to as an implied contract, there is no contract to protect against impairment. [citation omitted]. We perceive of no reason why the Legislature may not prescribe the rate of interest to be paid upon condemnation awards and alter it from time to time so long as it is not so unreasonably low as to be a deprivation of `just compensation'." 260 Ind. at 712, 300 N.E.2d at 83.
The legal interest rate was changed from six per cent to eight per cent in 1971. 1971 Ind. Acts, P.L. 366, Sec. 10(4); IC 1971, 24-4.6-1-102 (Burns Code Ed., Supp. 1977). In 1975 the General Assembly changed the interest rate on condemnation awards from four per cent to eight per cent. 1975 Ind. Acts, P.L. 301, Sec. 1(6). The landowner contends that these changes validate her claim that interest on her judgment should have been computed at eight rather than four per cent, and that the four per cent provision was unconstitutional as being a deprivation of her just compensation.

II.

Constitutionality
An act of the General Assembly enjoys a strong presumption of constitutionality. Roeschlein v. Thomas (1972), 258 Ind. 16, 280 N.E.2d 581. A court may not hold an act unconstitutional except on the clearest showing of invalidity, and all doubts must be resolved in favor of the statute. State v. Clark (1966), 247 Ind. 490, 217 N.E.2d 588; Wright-Bachman, Inc. v. Hodnett (1956), 235 Ind. 307, 133 N.E.2d 713. As the Supreme Court wrote in State v. Clark, supra:
"The power to declare a statute void is to be exercised with the utmost care, and after all doubts as to its constitutionality have been removed. So, it is the general rule that a statute on the books at any given time, not judicially declared unconstitutional or invalid, is presumed to be valid until the contrary clearly appears; he who raises the question of constitutionality must assume the burden of making the unconstitutionality clearly appear by establishing invalidating facts." 247 Ind. at 493-94, 217 N.E.2d at 590.
The landowner in the present case points out what she alleges to be two indicia of the statute's unconstitutionality: the present legal rate of interest of eight per cent, which she uses as a measure of just compensation, and the act of the General Assembly in 1975, changing the rate of interest in condemnation actions to eight per cent. She asserts that this action amounted to an "admission" that the prior four per cent rate was unconstitutional. We conclude that the landowner has not satisfied her burden of establishing the statute's unconstitutionality.
*909 There is no indication that the interest rate on condemnation judgments was ever meant to stand in direct relation to the legal rate of interest. Although the legal rate was six per cent in 1965, the General Assembly chose to set the rate in condemnation actions at four per cent. Courts computed interest at the legal rate only when no rate had been specified by the General Assembly. As the Supreme Court in Gradison, supra, expressly noted, the legislature may set the rate of interest on condemnation awards, so long as the rate was not so "unreasonably low as to be a deprivation of `just compensation'." "Just compensation" is comprised of two essential elements: the condemnation award and the interest thereon. Our Constitution does not mandate that just compensation in condemnation cases need be the award and the legal rate of interest; rather, it need only be the award and a reasonable rate of interest. We conclude that four per cent interest on the award received was not so unreasonably low as to deprive the landowner of just compensation, and we uphold the constitutionality of the statute. Furthermore, the fact that the General Assembly increased the rate of interest on condemnation judgments to eight per cent in 1975 evidences only its efforts to revise the rate, from time to time, as in accordance with the Gradison directive.
Affirmed.
HOFFMAN, J., and BUCHANAN, J. (by designation), concur.
NOTES
[1] IC 1971, XX-XX-X-X (Burns Code Ed.), as it was in effect during the pendency of the case in the trial court, provided for interest as follows:

"Sixth. In any trial of exceptions, the court or jury shall compute and allow interest at the rate of 4% per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but in no event shall any interest be allowed on any amount of money paid by the plaintiff to the clerk of the court after the same is withdrawn by the defendant."
XX-XX-X-X was amended in 1975 to provide for eight per cent interest on condemnation awards. See 1975 Ind. Acts, P.L. 301, Sec. 1.
[2] Article I, Section 21 provides in pertinent part:

"No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."