STATE of Indiana, Appellant–Plaintiff,

v.

Eric BOOHER and Julie Booher, Old National Bancorp, a/k/a Old National Bank, and Delaware County, Indiana, Appellees–Defendants.

and

State of Indiana, Appellant–Plaintiff,

v.

Nortra, Inc., and Delaware County, Indiana, Appellees–Defendants.

No. 18A04–0910–CV–599.

Court of Appeals of Indiana.

Oct. 13, 2010.

Gregory F. Zoeller, Attorney General of
Indiana, David L. Steiner, Deputy Attor-

ney General, Indianapolis, IN, Attorneys for Appellant.

Thomas R. Malapit, Jr., David J. Karnes, Dennis, Wenger & Abrell, P.C., Muncie, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

The State appeals the trial court's grant of the request for interest filed by Eric and Julie Booher and the court's grant of the request for interest filed by Nortra, Inc. The State raises one issue, which we revise and restate as whether the trial court erred by awarding pre-judgment and post-judgment interest to the Boohers and Nortra, Inc. (collectively, the "Landowners"). We reverse and remand.

The relevant facts follow. On June 11, 2007, the State filed a Complaint for Appropriation of Real Estate under Cause Number 18C03–0706–PL–08 ("Cause No. 08") against Eric and Julie Booher.[1] The State alleged that it was engaged in the improvement of a public highway, S.R. 32, in Delaware County and that the State "must appropriate fee simple title to and a temporary right of way over portions of the real estate owned by Defendants, Eric Booher and Julie Booher." Appellant's Appendix at 25. On July 24, 2007, the State filed a Complaint for Appropriation of Real Estate under Cause Number 18C03–0707–PL–10 ("Cause No. 10") against Nortra, Inc. and made similar allegations regarding real estate owned by Nortra, Inc.[2]

Under Cause No. 08, the court entered an Amended Order of Appropriation and Appointment of Appraisers on August 21, 2007. The court's order stated that the State was entitled by law to appropriate the fee simple title to the real estate at issue. The court issued a similar order under Cause No. 10 on October 22, 2007.

Under Cause No. 08, a Report of Appraisers was filed on October 5, 2007, which indicated that the "total just compensation" equaled $5,169.00. *Id.* at 51. On October 10, 2007, the court entered an Entry and Order, which indicated that the appraisers "report that [the Boohers] are entitled to total just compensation of Five Thousand, One Hundred Sixty–Nine Dollars ($5,169.00) in this case." *Id.* at 56. The court ordered the State "to pay the Clerk of the Court the total appraisers' fees in the amount of One Thousand, Seven Hundred Dollars ($1,700.00)," and ordered "the Clerk of the Court, on receipt of said amount, to pay each of the appraisers his or her share of the fee recited above, and to deposit all other amounts received from the [State] in an interest-bearing account, pending further Order of this Court." *Id.*

Under Cause No. 10, a Report of Appraisers was filed which indicated that "[t]otal just compensation" equaled $20,379. *Id.* at 147. On December 26, 2007, the court entered an Entry and Order, which indicated that the appraisers "report that [Nortra, Inc. is] entitled to total just compensation of Twenty Thousand Three Hundred Seventy-nine Dollars . . . ($20,379.00) in this case." *Id.* at 149. The court ordered the State "to pay the

---

1. The State also named Old National Bancorp, a/k/a Old National Bank, and Delaware County, Indiana as defendants. Old National Bancorp and Delaware County failed to appear and were defaulted. Old National Bancorp and Delaware County are not represented in this appeal.

2. The State also named Delaware County, Indiana, as a defendant. Delaware County failed to appear and was defaulted. Delaware County is not represented on appeal.

Clerk of the Court the total appraisers' fees in the amount of Dollars ($3,450.00)," and ordered "the Clerk of the Court, on receipt of said amount, to pay each of the appraises [sic] his or her share of the fee recited above, and to deposit all other amounts received from the [State] in an interest-bearing account pending further Order of this Court." *Id.*

Under Cause No. 08, the Boohers filed "EXCEPTIONS OF DEFENDANTS TO REPORT OF APPRAISERS AND REQUEST FOR JURY TRIAL" on October 11, 2007. *Id.* at 57. The Boohers alleged that the appraisers' report understated the fair market value of the land, the improvements to the land, and the damages to the residue of the Boohers' real estate. Under Cause No. 10, Nortra, Inc. filed a similar motion.

On May 1, 2009, the Boohers and the State filed Agreed Findings and Judgment (the "Booher Judgment") under Cause No. 08, which stated in part that the State and the Boohers agreed to the State's appropriation of the real estate interests and that the Boohers "shall recover a total sum of Seven Thousand Five Hundred Dollars ($7,500.00) as just compensation along with any and all accrued interest earned on the appropriation money paid by the State and already on deposit in the Clerk's trust account under this cause number." *Id.* at 60. The Booher Judgment ordered the clerk to immediately disburse $5,169 to the Boohers plus all accrued interest from the appraisers' award already on deposit, and ordered the State to immediately pay to the clerk $2,331 representing the difference between $7,500 and $5,169.

On April 21, 2009, Nortra, Inc. and the State filed an Agreed Finding and Judgment (the "Nortra Judgment") under Cause No. 10, which stated in part that Nortra, Inc. and the State agreed to the State's appropriation of the real estate interests and that Nortra, Inc. "shall recover, for the real estate acquired by Plaintiff and any and all damages resulting from that acquisition, total just compensation of Twenty Four Thousand ($24,000.00), plus all interest accrued on the amount of the appraisers' award...." *Id.* at 153. The Nortra Judgment ordered the clerk to pay Nortra, Inc. $20,379 from the amount previously deposited by the State, and also ordered the State to immediately pay the clerk $3,621 representing the difference between $24,000 and $20,379.

Under Cause No. 08, the Boohers filed a Motion for Additional Payment and Interest on May 26, 2009, and argued that they were entitled to pre-judgment interest, post-judgment interest, and an additional payment representing the difference between the amount of $7,500.00 mentioned in the Booher Judgment and the amount the State had previously deposited with the clerk, $5,169.00. Under Cause No. 10, Nortra, Inc. filed a motion on May 26, 2009, requesting pre-judgment interest and post-judgment interest. The State filed a response under both cause numbers. The Landowners filed replies in both cases on July 1, 2009. On July 2, 2009, the court held a hearing on the Landowners' motions.

On July 10, 2009, the State filed a sur-reply to the Landowners' replies. On July 21, 2009, the Landowners filed a rebuttal to the State's sur-reply. On September 21, 2009, the court granted the Boohers' Motion for Additional Payment and Interest. Specifically, the court ordered the State to pay the Boohers "$934.80 pre-judgment interest and $182.04 in post-judgment interest with a daily rate of $1.64 until paid in full." *Id.* at 20. That same day, the court granted the Motion for Additional Payment and Interest filed by Nortra, Inc. Specifically, the court ordered the State to pay "to Nortra, Inc.,

$2,372.26 pre-judgment interest and $789.00 in post-judgment interest with a daily rate of $5.26 until paid in full." *Id.* at 22.

▮▮▮ The issue is whether the trial court erred by awarding pre-judgment and post-judgment interest to the Boohers and Nortra, Inc. This case requires us to interpret the settlement agreements. Interpretation of a settlement agreement presents a question of law and is reviewed *de novo.*[3] *Bailey v. Mann,* 895 N.E.2d 1215, 1217 (Ind.2008). Construction of settlement agreements is governed by contract law. *Ind. State Highway Comm'n v. Curtis,* 704 N.E.2d 1015, 1018 (Ind.1998). If a contract's terms are clear and unambiguous, courts must give those terms their clear and ordinary meaning. *Dunn v. Meridian Mut. Ins. Co.,* 836 N.E.2d 249, 251 (Ind.2005). Courts should interpret a contract so as to harmonize its provisions, rather than place them in conflict. *Id.* at 252.

▮▮▮ This case also requires us to interpret the statutes relating to eminent domain proceedings. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002). If a statute is unambiguous, we must give the statute its clear and plain meaning. *Id.* A statute is unambiguous if it is not suscepti-

ble to more than one interpretation. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Bolin,* 764 N.E.2d at 204. A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. *Mayes v. Second Injury Fund,* 888 N.E.2d 773, 776 (Ind. 2008).

The State and Landowners disagree regarding: (A) the award of pre-judgment interest; and (B) the award of post-judgment interest.

### A. Pre–Judgment Interest

In determining whether the State was required to pay the Landowners statutory pre-judgment interest, we will examine: (1) Ind.Code § 32–24–1–11, which governs pre-judgment interest, and (2) the language of the agreed judgments.

#### 1. Ind.Code § 32–24–1–11

▮▮▮ The parties disagree over the application of Ind.Code § 32–24–1–11, which addresses pre-judgment interest and provides in relevant part:

> In any trial of exceptions, the court or jury shall compute and allow interest at an annual rate of eight percent (8%) on the amount of a defendant's damages

---

3. The Landowners argue that this court "reviews an award of prejudgment interest under the abuse of discretion standard." Appellee's Brief at 6 (citing *Harlan Sprague Dawley, Inc., v. S.E. Lab Group, Inc.,* 644 N.E.2d 615, 617 (Ind.Ct.App.1994), *reh'g denied, trans. denied* ). We do not find *Harlan* instructive. In *Harlan,* the court reviewed the award of prejudgment interest and held that "[o]ur standard of review is for an abuse of discretion, focusing on the trial court's threshold determination of whether the facts satisfy the test for prejudgment interest." 644 N.E.2d ·at

617. Because we are interpreting the parties' settlement agreements and statutory law we review the trial court's decision de novo. *See State v. Kimco of Evansville, Inc.,* 902 N.E.2d 206, 210 (Ind.2009) ("These claims all turn on the State's contention that any effects on the access to Plaza East from the State's roadway improvements are not compensable as a matter of law. We therefore review under a de novo standard."), *reh'g denied, cert. denied,* —— U.S. ——, 130 S.Ct. 1136, —— L.Ed.2d ——(2010).

from the date plaintiff takes possession of the property. Interest may not be allowed on any money paid by the plaintiff to the circuit court clerk:

(A) after the money is withdrawn by the defendant; or

(B) that is equal to the amount of damages previously offered by the plaintiff to any defendant and which amount can be withdrawn by the defendant without filing a written undertaking or surety with the court for the withdrawal of that amount.

I.C. § 32–24–1–11(d)(6).

The State argues in part that Ind.Code § 32–24–1–11(d)(6) does not provide authority for an award of pre-judgment or post-judgment interest because entry of interest pursuant to the statute may occur only after a trial of exceptions, and there was no such trial in this case. We agree with the State.[4]

Ind.Code § 32–24–1–11(d)(6) provides that "[i]n *any trial of exceptions*, the court or jury shall compute and allow interest...." (Emphasis added). Ind.Code § 32–24–1–11(b) provides that "[t]he cause shall further proceed to issue, *trial,* and judgment as in civil actions." (Emphasis added). A "trial" is defined generally as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." BLACK'S LAW DICTIONARY 1543 (8th ed.2004). Here, a trial did not occur. Accordingly, we conclude that Ind.Code § 32–24–1–11(d)(6) is inapplicable to the present case.

### 2. *Language of the Agreed Judgments*

 The Landowners argue that "Indiana Code 32–24–1–12(a) provides that settlement offers are 'exclusive of interest and costs.'" Appellees' Brief at 9. Based upon our review of the record, the various requirements of Ind.Code § 32–24–1–12(a) were not met. For example, the exchanges between the State and the Landowners did not meet the requirement in Ind.Code § 32–24–1–12 that "[n]ot more than five (5) days after the date offer of settlement is served, the party served may respond by filing and serving upon the other party an acceptance or a counter offer of settlement." Accordingly, we conclude that the statutory framework for settlement expressed in Ind.Code § 32–24–1–12, including the portion that an offer must state that it is made exclusive of interest and costs, is not applicable to the present situation because the Booher Judgment and the Nortra Judgment were not made pursuant to the requirements of Ind.Code § 32–24–1–12(a). We also observe that in the Landowners' motion entitled Defendants' Rebuttal to Plaintiff's Sur–Reply to Defendants Reply to Plaintiff's Response to Defendants' Motion for Additional Interest and Payment, the Landowners stated: "That although Indiana Code § 32–24–1–12 mandates a specific method for offers of settlement in eminent domain cases, the *Harding* court asserts the statute does not prohibit or prevent parties from settling outside the strictures of the statute if they so choose. *Harding v. State,* 603 N.E.2d 176, 180 fn. 5

---

**4.** The Landowners do not explicitly address the State's argument that Ind.Code § 32–24–1–11(d)(6) does not provide authority for an award of pre-judgment or post-judgment interest because entry of interest pursuant to the statute may occur only after a trial of exceptions. Rather, the Landowners focus on when the State took possession, but do not point to the record to support their assertion that the State took possession of the property when it paid the appraised value to the clerk. In any event, because we conclude that the statute does not apply to the present case because a trial of exceptions did not occur, we need not address the Landowners' arguments.

(Ind.App.1992). This is what happened in both of the instant cases." Appellant's Appendix at 98–99.

The State argues that the language of the settlement agreements "specifically recited that the compensation specified in the written agreements ... was meant to be the total just compensation for the takings or eminent domain appropriations." Appellant's Brief at 12. We agree.

The State points out that the Booher Judgment stated that the Boohers "should have and recover for Plaintiff's appropriation in this case as *total just compensation,* Seven Thousand Five Hundred Dollars ($7,500.00) *as total just compensation in full satisfaction of this judgment.'*" Appellant's Appendix at 61 (emphasis added). The Booher Judgment ordered the clerk to disburse the funds previously deposited by the State "plus all accrued interest from the Appraisers' Award *already on deposit* under this cause, immediately upon receipt in full satisfaction of any and all claims in this case and being deemed total just compensation due and received for those claims." *Id.* (emphasis added).

Similarly, the Nortra Judgment stated that Nortra, Inc.:

shall have and recover total just compensation, for the State's appropriation in this case, the amount of Twenty Four Thousand Dollars ($24,000.00); the Clerk shall pay Defendant Nortra, Inc., Twenty Thousand Three Hundred Seventy–Nine Dollars ($20,379.00) from the amount previously deposited by the Plaintiff with the Clerk of the Court, in full satisfaction of this judgment and any and all of Defendants' claims in this case.

*Id.* at 153–154.

The Landowners argue that the State ignores Paragraph 11 of the Booher Judgment which states:

11. Plaintiff and Defendants Eric Booher and Julie Booher, now agree to Plaintiff's Appropriation of the Real Estate interests included in this action and further agree that ... Eric Booher and Julie Booher, *shall recover a total sum of Seven Thousand Five Hundred Dollars ($7,500.00) as just compensation along with any and all accrued interest earned on the appropriation money paid by the State and already on deposit in the Clerk's trust account under this cause number.*

*Id.* at 60 (emphasis added). The Landowners also argue that the State ignores Paragraph 7 of the Nortra Judgment which states:

7. Plaintiff and Defendant Nortra, Inc. now agree to Plaintiff's appropriation of the real estate interests described below and further agree that Defendant Nortra, Inc., shall recover, for the real estate acquired by Plaintiff and any and all damages resulting from that acquisition, total just compensation of Twenty Four Thousand Dollars ($24,000.00), *plus all interest accrued on the amount of the appraisers' award,* while Defendant Delaware County shall recover nothing.

*Id.* at 153 (emphasis added).

In its reply brief, the State argues that the Landowners misunderstand Paragraph 11 of the Booher Judgment and Paragraph 7 of the Nortra Judgment. The State argues that "[t]he plain language of the agreements shows that the reference to any entitlement to interest in these specific provisions was a reference to the interest earned in accounts set up by the court clerk after the State paid the amounts specified by the court-appointed appraisers." Appellant's Reply Brief at 5. We agree with the State. The emphasized language in the Booher Judgment and the Nortra Judgment refers to the amount

that the State had deposited with the clerk.

In summary, we conclude that the Booher Judgment was unambiguous in that the Boohers were to receive $7,500.00 and all accrued interest earned on the appropriation money already paid by the State. Likewise, we conclude that the Nortra Judgment was unambiguous in that Nortra, Inc. was to receive $24,000 plus all interest accrued on the amount of the appraisers' award. Based upon the language in the settlement agreements, we conclude that the agreements did not contemplate any pre-judgment interest other than that accrued on the amounts previously deposited by the State.

### B. Post–Judgment Interest

■ The Landowners cite to Ind.Code § 24–4.6–1–101, which governs money judgments and provides:

Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:

(1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or

(2) an annual rate of eight percent (8%) if there was no contract by the parties.

The Booher Judgment and the Nortra Judgment both ordered the State to immediately pay the difference between the amount the State had previously paid the clerk and the amount agreed upon in the agreed judgments. In the Boohers' Motion for Additional Payment and Interest, the Boohers alleged that the State still owed them the difference between the amount it had already paid and the amount agreed upon in the Booher Judgment. In the State's response, it requested that the court "deny the Defendants' request for payment of pre and post judgment interest," but did not address the Boohers' request for the remaining principal. Appellant's Appendix at 78. The State also did not address the Boohers' citation of Ind.Code § 24–4.6–1–101.

With respect to Nortra, Inc., its Motion for Additional Payment and Interest cited Ind.Code § 24–4.6–1–101 and alleged that the Nortra Judgment required that "the State pay Nortra a total of Twenty Four Thousand Dollars ($24,000.00), consisting of the previously deposited Twenty Thousand Three Hundred Seventy–Nine Dollars ($20,379.00), plus an additional Three Thousand Six Hundred Twenty–One Dollars ($3,621.00), plus all interest that had accrued on the money." Id. at 164. The motion also alleged "on May 19, 2009, the State paid Nortra an additional Three Thousand Six Hundred Twenty–One Dollars ($3,621.00). (See copy of check attached hereto as Exhibit 'B.')." [5] Id.

In its response, the State argued that the award of interest was improper under Ind.Code § 32–24–1–11. However, the State again did not address Ind.Code § 24–4.6–1–101. In the State's sur-reply, it also did not address Ind.Code § 24–4.6–1–101.

On appeal, in its statement of facts, the State indicates: "Following the settlement, the Clerk paid $5,176.18 to the Boohers on May 12, 2009 (Check, App.74), and the Clerk paid $24,021.69 to Nortra on April 28, 2009 (Checks, App.167–68)." Appel-

---

5. Exhibit B does not appear to be a check from the State to Nortra, Inc. Rather, Exhibit B appears to be from the Clerk of the Delaware Circuit Court to Nortra, Inc. See Appellant's Appendix at 168.

lant's Brief at 8. The State argues, without citation to the record, that "the land-owners are wrong about that applicability of [Ind.Code § 24–4.6–1–101] because the parties settled all monetary issues and the request for additional payments was improper....." Appellant's Brief at 17 n.2. However, the State does not point to and our review of the record does not reveal when or even if the State paid the Boohers the remaining principal payment of $2,331 under the Booher Judgment or when the State paid the clerk the remaining principal payment of $3,621 under the Nortra Judgment.

Accordingly, we remand to the trial court to determine whether the State immediately paid the remaining amount of $2,331 as ordered in the Booher Judgment. If the State failed to pay the clerk the entire balance of $2,331, then post-judgment interest should be calculated under Ind.Code § 24–4.6–1–101 based upon the unpaid principal amount over the time period between the entry of the Booher Judgment and the date the State paid the amount in full. We also remand to the trial court to determine when the State paid the entire balance of $3,621 as ordered in the Nortra Judgment and instruct the trial court to calculate any post-judgment interest under Ind.Code § 24–4.6–1–101 based upon the unpaid principal amount over the time period between the entry of the Nortra Judgment and the date the State paid the amount in full.

For the foregoing reasons, we reverse the trial court's award of pre-judgment interest and remand for a calculation of post-judgment interest.

Reversed and remanded.

NAJAM, J., and VAIDIK, J., concur.